```
            UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| VIDALIA MARIA RODRIGUES, )<br>                          )<br>        Petitioner       )<br>                          )<br>    v.                    )<br>                          )<br>THOMAS HODGSON, SHERIFF,  )<br>                          )<br>                          )<br>        Respondent        ) | Civil Action No.<br>04cv11449-DPW |

RESPONDENT'S RETURN AND MEMORANDUM
OF LAW IN SUPPORT OF MOTION TO DISMISS

**SUMMARY STATEMENT OF CASE**

Respondent[1] moves to dismiss this action pursuant to Fed. R. Civ. P. rules 12(b)(1) for lack of subject matter jurisdiction, and 12(b)(6) for failure to state a claim upon which relief may be granted. Petitioner is now lawfully detained pending execution of the removal order, and petitioner does not claim otherwise.

Petitioner seeks an injunction against execution of her removal order in order to pursue collateral state court post-conviction relief mechanisms. Significantly, however, petitioner challenges *no* aspect of her removal order. Accordingly,

---

[1] The responsive official of the Department of Homeland Security having control of petitioner's immigration custody in the instant action is Bruce Chadbourne, Field Office Director for Detention and Removal, Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE") in Boston, Massachusetts.

petitioner fails to state any claim upon which relief may be granted, and this Court lacks subject matter jurisdiction.

**ARGUMENT**

I.  THE PETITIONER FAILS TO STATE ANY COGNIZABLE CLAIM OF ERROR.

Habeas corpus review of removal orders, where it exists, exists only for pure issues of law.  Carranza v. INS, 277 F.3d 65, 71 (1st Cir. 2002) ("[f]ederal courts therefore retain subject matter jurisdiction over habeas petitions brought by aliens facing removal to the extent those petitions are based on colorable claims of legal error, that is, colorable claims that an alien's statutory or constitutional rights have been violated."); Lopez v. Ashcroft, 267 F.Supp.2d 150, 153 (D. Mass. 2003) (Court holding that where a "fact-intensive review" of a legal determination "demands an extensive factual inquiry", that therefore "the Court does not possess habeas jurisdiction in th[e] case.").

Petitioner, however challenges *no* aspect of her removal order and therefore fails to state any colorable claim of legal error.  Accordingly, the petition should be dismissed for failure to state a claim upon which relief may be granted.

II. THE COURT LACKS SUBJECT MATTER JURISDICTION TO ENJOIN REMOVAL WHERE THE PETITION FAILS TO STATE ANY COLORABLE CLAIM OF LEGAL ERROR IN THE REMOVAL ORDER.

The petition candidly seeks a direct injunction by the district court of the execution of the removal order, though it asserts no claim of legal error in the removal order.  This Court

therefore lacks subject matter jurisdiction "to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to . . . execute removal orders against any alien under this Act." 8 U.S.C. § 1252(g).[2] See generally Reno v. American-Arab Anti-Discrimination Committee et al., 525 U.S. 471, 483 (1999) ("AADC") ("[t]here was good reason for Congress to focus special attention on, and make special provision for, judicial review of the Attorney General's discrete acts of 'commenc[ing] proceedings, adjudicat[ing], [and] execut[ing] removal orders . . . . [Because] [a]t each stage the Executive has discretion to abandon the endeavor . . . .". (Emphasis added). See also Foroglou v. Reno, 241 F.3d 111, 115 (1st Cir. 2001)(on case facts circuit court finding "it is hard to view the habeas petition as anything other than an attempt, contrary to [INA] section 242(g) [8 U.S.C. § 1252(g)] to prevent the Attorney General from 'execut[ing] [a] [removal order[].'")(emphasis added).

    Moreover, petitioner's averred pursuit of collateral post-conviction relief is immaterial to the enforceability of her

---

[2]

>   (g) EXCLUSIVE JURISDICTION.--Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this Act.

8 U.S.C. § 1252(g) (emphasis added).

3

outstanding removal order. It is well-settled that a conviction is final for purposes of immigration law if direct appellate review of the conviction has either been waived or exhausted. White v. INS, 17 F.3d 475, 479 (1st Cir. 1994); Montilla v. INS, 926 F.2d 162, 164 (2d Cir. 1991); Agero v. McElroy, 901 F.Supp. 146, (S.D.N.Y. 1995). A conviction is also final even though "subject to collateral attack", Morales-Alvarado v. INS, 655 F.2d 172, 175 (9th Cir. 1981) (cited in White v. INS, supra, 17 F.3d at 479. Because the pendency of a post-conviction collateral effort does not affect the finality of a conviction underlying a removal order, petitioner's state court efforts afford no basis on the instant petition for an injunction against the respondent.

Again, petitioner raises *no* challenge to her removal order, its validity or its enforceability. The petition therefore fails to state any "colorable claims of legal error" within the scope of habeas corpus review, Carranza v. INS, 277 F.3d 65, 71 (1st Cir. 2002), and is barred by 8 U.S.C. § 1252(g). See Foroglou v. Reno, 241 F.3d 111, 115-16 (1st Cir. 2001) ("where a habeas court has before it a colorable claim for habeas relief, we have held that it may preserve its jurisdiction by granting ancillary relief to stay deportation pendente lite.")(emphasis added).

Accordingly, the petition should be dismissed and all relief denied.

**CONCLUSION**

For all the reasons set out above, the Court should dismiss the action, and deny all other relief sought.

                       Respectfully submitted,

                       MICHAEL J. SULLIVAN
                       United States Attorney

By:  s/Frank Crowley
     FRANK CROWLEY
     Special Assistant U.S. Attorney
     United States Immigration &
     Naturalization Service
     P.O. Box 8728
     J.F.K. Station
     Boston, MA 02114
     (617) 565-2415

CERTIFICATE OF SERVICE

I hereby certify that I caused true copy of the above document to be served upon counsel for petitioner by mail on July 2, 2004.

                       s/Frank Crowley
                       FRANK CROWLEY
                       Special Assistant U.S. Attorney
                       Department of Homeland Security
                       P.O. Box 8728
                       J.F.K. Station
                       Boston, MA 02114