UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VIDALIA MARIA RODRIGUES,                )<br>                                         )<br>         Petitioner                     )<br>                                         )<br>    v.                                   )<br>                                         )<br>THOMAS HODGSON, SHERIFF,                 )<br>                                         )<br>                                         )<br>         Respondent                     ) | Civil Action No.<br>04cv11449-DPW |

RESPONDENT'S REPLY TO PETITIONER'S
OPPOSITION TO MOTION TO DISMISS

Respondent[1], seeks leave of Court to reply briefly to Petitioner Vidalia Maria Rodrigues' Response and Opposition to Respondent's Motion to Dismiss ("Petitioner's Opposition").

Petitioner seeks a stay of removal in order to pursue collateral post-conviction relief from her 1990 conviction that is the basis of her removal order.  Petitioner says she needs "a reasonable allowance of time that would enable her to correct or revise her criminal record", Petitioner's Opposition.  Petitioner does not explain, however, why the 14 ½ years that have elapsed from the date of her February 2, 1990, conviction for Possession of Heroin with Intent to Distribute has been an inadequate period within which to pursue such a result. See Attachment A, Record of Conviction.

---

[1] The responsive official of the Department of Homeland Security having control of petitioner's immigration custody in the instant action is Bruce Chadbourne, Field Director for Detention and Removal, Bureau of Immigration and Customs Enforcement ("ICE") in Boston, Massachusetts.

Counsel for petitioner informs the Court that "[i]n effect, petitioner is raising a constitutional claim." Petitioner's Opposition. However, petitioner has failed entirely to state what that claim is. At most, petitioner asserts merely a precatory intention in this regard, to the extent that she says her "counsel needs to review petitioner's criminal convictions in order to raise any constitutional or statutory claims she may be entitled to." Id.

Although counsel for petitioner asserts he "is currently in the process of reviewing petitioner's criminal record . . . [and] arguing for whatever post-conviction relief petitioner may be entitled to", Petitioner's Opposition, he also assert at the same time that "[d]irect appellate review of her criminal conviction(s) has not been waived or exhausted." Id. It is not clear whether counsel is asserting that none of petitioner's many convictions has ever become final, or that the February 2, 1990, conviction at the basis of petitioner's deportation order has not, or what. See generally Attachment B, Decision of the Immigration Judge (detailing, inter alia, petitioner's criminal history -- up to August 1996).

At any rate nothing in the record of conviction admitted into evidence by the Immigration Judge in deportation proceedings in April 1995 without object from prior immigration counsel for petitioner suggests any idea of non-finality. Nor did petitioner in her appeal of the deportation order to the Board of

Immigration Appeals ("BIA")through prior immigration counsel raise or argue any such issue.  See Attachment C, Notice of Appeal.

Moreover, if petitioner had such a claim -- that she in fact had not been convicted on February 2, 1990, for drug trafficking as alleged -- she could have brought that claim, but did not, on petition for judicial review at the First Circuit Court of Appeal within 30 days of the BIA's October 28, 2003, dismissal of her appeal. Attachment D, Decision of the BIA dated October 28, 2003. See Foroglou v. INS, 241 F.3d 111, 115 (1st Cir. 2001) (where an alien "has had full access to this [circuit] court for direct review of orders leading to his deportation  . . . . under these circumstances, it is hard to view the habeas petition to the district court as anything other than an attempt, contrary to section 242(g) [8 U.S.C. § 1252(g)], to prevent the Attorney General from 'execut[ing][a] removal order[ ].'"); Arloo v. Ashcroft, 238 F.Supp.2d 381, 383 (D. Mass. 2003) (Ponsor, D.J.), ("habeas review is proper only when there is 'no other way' to present a legal challenge to a deportation order", citing Foroglou v. Reno, 241 F.3d 111, 115 (1st Cir. 2001), and "[t]his [Foroglou] holding was not affected by the Supreme Court's decision in INS v. St. Cyr, 533 U.S. 289 (2001)"). Cf. Seale v. INS, 323 F.3d 150, 154 (1st Cir. 2003) ("[g]iven the strong arguments on both sides, it is by no means a clear call whether the district court possesses jurisdiction here.").

Accordingly, any such claim has been waived. Mattis v. Reno, et al., 212 F.3d 31, 41 (1st Cir. 2000) ("[t]raditional rules regarding exhaustion and waiver [which] govern on direct review of BIA final orders . . . . [also] hold on habeas review, which we have suggested is less broad than direct review."); Groccia v. Reno, et al., 234 F.3d 758, 762 (1st Cir. 2000) ("Conventional forfeiture rules pertain in habeas cases."). Cf. Theodoropoulos v. INS, --- F.3d --- (2d Cir. 2004) (2004 WL 49118, *7) ("we hold that, by its plain language, § 1252(d)'s mandate that unless a petitioner 'has exhausted all administrative remedies available,' a 'court may [not] review a final order of removal,' []8 U.S.C. § 1252(d), applies to all forms of review including habeas corpus.").

In short, petitioner has failed to state any colorable claim cognizable in habeas corpus proceedings. Carranza v. INS, 277 F.3d 65, 71 (1st Cir. 2002) ("[f]ederal courts therefore retain subject matter jurisdiction over habeas petitions brought by aliens facing removal to the extent those petitions are based on colorable claims of legal error, that is, colorable claims that an alien's statutory or constitutional rights have been violated.").

## CONCLUSION

For all the reasons set out above and in respondent's previous filings, the Court should dismiss the case for lack of subject matter jurisdiction.

```
                        Respectfully submitted,

                        MICHAEL J. SULLIVAN
                        United States Attorney

                By:     s/Frank Crowley
                        FRANK CROWLEY
                        Special Assistant U.S. Attorney
                        Department of Homeland Security
                        P.O. Box 8728
                        J.F.K. Station
                        Boston, MA 02114
                        (617) 565-2415
```

**CERTIFICATE OF SERVICE**

I hereby certify that I caused true copy of the above document to be served upon counsel for petitioner by mail on August 5, 2004.

```
                        s/Frank Crowley
                        FRANK CROWLEY
                        Special Assistant U.S. Attorney
                        Department of Homeland Security
                        P.O. Box 8728
                        J.F.K. Station
                        Boston, MA 02114
```

5