UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
Boston, Massachusetts

File No.:   A 30 694 487                              August 30, 1996

In the Matter of              )
                              )
VIDALIA MARIA RODRIGUES       )    IN DEPORTATION PROCEEDINGS
                              )
        Respondent            )

CHARGES:    Section 241(a)(2)(B)(i) of the I&N Act - Convicted
            of Controlled Substance Violation;

            Section 241(a)(2)(A)(iii) of the I&N Act -
            Convicted of Aggravated Felony.

APPLICATION: I&N Act - Section 212(c) - Waiver of
             Inadmissibility.

ON BEHALF OF RESPONDENT:              ON BEHALF OF SERVICE:

Bennett Savitz, Esquire               John M. Furlong, Jr., Esquire
26 Rockaway Lane                      JFK Federal Building - Rm. 425
Arlington, Mass   02174               Government Center
                                      Boston, Mass.  02203

ORAL DECISION OF THE IMMIGRATION JUDGE

The Respondent, herein, is a 34-year-old, single, native and citizen of Portugal. Deportation proceedings were instituted against her when the Immigration and Naturalization Service issued an order to show cause on October 13, 1994, in accordance with the provisions of 8 C.F.R. Section 2402.1(a)(Exhibit R-1), as amended by a form I-261, dated August 30, 1996, in accordance with provision 8 C.F.R. Section 2402.16(d). (Exhibit R-1A). By way of these documents, the

mfc

Immigration Service contends that the Respondent is deportable on the charges set forth above.

During the course of the hearing the Respondent admitted the truth of the factual allegations 1 through 4 in the order to show cause, denied factual allegation 5 and denied the charge of deportability set forth in the order to show cause. In addition, the Respondent designated Portugal as the country for deportation purposes. (See Exhibit R-2).

The evidence presented establishes that on February 9, 1990, the Respondent was convicted in the Fall River District Court, Fall River, Massachusetts, for the offense of possession of heroine with intent to distribute. (See Exhibit R-4).

Upon the basis of the Respondent's admissions and the documentary evidence of record, I conclude that deportability has been established by clear, convincing and unequivocal evidence. The record establishes that the Respondent was convicted of a controlled substance violation which is considered to be an aggravated felony in the United States in that the conviction was for possession of heroine with intent to distribute, which is considered a drug trafficking crime. Having found the Respondent to be deportable as a controlled substance violator and an aggravated felon, the Immigration Service added a charge of deportability on August 30, 1996, to which charge the Respondent admitted. I find this to be inappropriate admission in that clearly the Respondent has been convicted of an aggravated felon.

A 30 694 487                                2                          August 30, 1996

mfc

        The Respondent has submitted an application for a waiver of inadmissibility pursuant to the provisions of Section 212(c) of the Immigration and Nationality Act (See Exhibit R-15 and supporting documents). The Respondent submitted her application for a waiver on June 12, 1995, prior to the passage of the Anti-terrorist Act, and the Board of Immigration Appeals in the Soriano decision has indicated that under such circumstances the Respondent is statutorily eligible to apply for Section 212(c) relief. Regulations provide that the decisions of the Board of Immigration Appeals are binding on Immigration Judges until such time as they are modified or overruled by the Attorney General. In the present case, the Attorney General has not overruled the Board of Immigration Appeals, and accordingly, I conclude that this is a final administrative decision which is binding on the Court. Accordingly, the issue to be resolved in this case is whether or not the Respondent ought to be granted a waiver in the exercise of discretion.

        Because of the nature and extent of the Respondent's criminal record, I hold that she is required to establish unusual or outstanding equities in order to overcome the nature of her conviction record.

        In reaching a decision in this case I have taken in consideration the following actors as reflected by the testimony at the hearing and the documentary evidence of record:

        The Respondent has been a permanent resident of the

A 30 694 487                       3                       August 30, 1996

mfc

United States for the past 25 years, ever since having arrived in this country when she was nine years old.

The Respondent's family in the United States consists of her mother and father, four sisters and three brothers, all of whom are lawful permanent resident aliens, and one United States citizen son who is 13 years old. The record reflects that the Respondent has not returned to Portugal ever since her departure from that country some 25 years ago, nor does she have any relatives living in that country.

No evidence was offered with respect to the effect on the Respondent or her parents and/or siblings in the eventual event of her deportation from the United States. No evidence was offered as to the nature of the relationships between these family members, so no decision can be arrived at with respect to the effect on either of these members or the Respondent in the event of her separation from her family. I would assume that separation from her family would create a hardship on her but to what extent is uncertain.

The Respondent did testify at length as to the relationship between her and her son and indicated that this would create a tremendous emotional hardship on her in the event that she were to be separated from him. She indicates that notwithstanding her criminal activities over the past 16 years or so, that she has always tended to her parenting duties. Additionally, her son testified on her behalf that he wished to

A 30 694 487                           4                        August 30, 1996

mfc

live with his mother and clearly I believe this would create a serious hardship on both the mother and the child in the event of the mother's deportation. If a decision was made to take the child with her to Portugal, then he would certainly suffer a serious hardship at being separated from the rest of his extended family including his grandparents and aunts and uncles, as well as being separated from his support systems and his friends and schools.

On the other hand, if he were to remain in the United States, he would have to face long term separation from his mother and that certainly would appear to be a hardship on him.

The Respondent has had a spotty employment record during her stay in the United States, except that she has been employed for the past seven months by a construction company and the testimony of the supervisor from the company is that she has been a due and diligent employee.

In July of 1995, the Respondent entered a detox facility after which she entered a halfway house called Granada House where she lived for approximately seven and a half months. At both of these places she received substance abuse counseling and in February of 1996 she moved into her own apartment in Waltham. She worked as a cashier at a state building here in Massachusetts while she was at Granada House and in addition to that she also has continued to work as a facilitator in a support group for people with HIV-positive test results.

A 30 694 487                          5                    August 30, 1996

mfc

     The Respondent, herself, has been HIV-positive since 1992 and has been receiving a new medical called Rehovere, which she indicates has been a great help to her. She also at the present time performs in plays and the purpose of this is to carry a message to the high schools, colleges and communities as to the evils of drug and alcohol use.

     Additionally, she attends sobriety meetings on a daily basis, and is able to spend all of her free time, including weekends, with her son.

     In summary then, the favorable equities set forth on behalf of the Respondent are that she has a United States citizen son in this country from whom separation would create a serious hardship, she has no family in Portugal and all of her family is in the United States. She has been drug free for the past 12 months or so, she is presently working and receiving HIV treatment, she's been here for 25 years since she was nine years old, and recent considerable efforts at rehabilitation has resulted in her being drug and crime free for the past twelve months or so. I do consider the length of her residence in the United States along with the presence of her United States citizen son to constitute an unusual or outstanding equity.

     All of this has to be balanced against the Respondent's criminal record which is extremely egregious. The Respondent's criminal record extends from a point in time in 1980 right up to and including a drug trafficking conviction in 1996 which

A 30 694 487　　　　　　　　　　6　　　　　　　　　　August 30, 1996

mfc

resulted as result of activities engaged in in July of 1995. The drug trafficking crime took place some ten months after the Respondent was placed in deportation proceedings.

In addition to that, in March of 1995, the Respondent was convicted of being a common night walker and this was one of approximately six convictions for either being a common night walker or for prostitution. I do note that the March 27, 1995 conviction ultimately resulted in a guilty file disposition and while this would not support a deportation charge, the Board of Immigration Appeals and the First Circuit Court of Appeals has held that a guilty filed disposition may properly be considered by the Court in rendering a decision where discretion is involved.

Over a period of 16 years, the Respondent has been convicted of more than 23 controlled substance violations, many of which involve trafficking in illegal drugs, including heroine and marijuana. During this period of time, the Respondent was also convicted on approximately 11 occasions of either shoplifting or larceny and in addition to those convictions, she was also convicted of welfare violations, receiving stolen property, compulsory insurance violations, contributing to the delinquency of a minor, knowingly receiving stolen property, and larceny from a building.

It is understood that the Respondent's behavior might have been motivated by the fact that she was drug and alcohol

A 30 694 487                                7                        August 30, 1996

mfc

dependent, but nonetheless the record speak for itself. What it says is that for practically the entire period of her adult life, the Respondent has been engaged in illegal and criminal activities, up until and including July of 1995.

I do recognize and much credit should be given to the fact that for the past year she has finally seemed fit to take some definitive and positive steps to resolve her problems. But, my sense of things is that her recent efforts at rehabilitation and whatever success she might have achieved in this, even when considered together with the positive factors in her case, are insufficient to outweigh the terrible and extensive criminal record of the Respondent.

I'm not going to dwell on the quality of the Respondent's criminal activity as it is all contained in the record of proceedings and her testimony. I would add that I believe this case is a tragedy, a family and personal tragedy for the Respondent and her family and her son, but it's seems to me that too much has gone on over the past 15 or 16 years to be made all better by efforts over the past 10 or 11 months. In addition, I have no guarantee the efforts will continued to be successful, but hope that they will be.

There is another issue with respect to the HIV issue. And, I'm not sure how that resolves itself, but I have considered it, given it a great deal of thought, and still believe that the criminal record of the Respondent is just too overwhelming to be

A 30 694 487                                8                                August 30, 1996

mfc

overcome by the equities that she has presented.

Accordingly, therefore, I hand for the reasons set forth above the following orders will be entered:

<u>ORDER</u>

It is hereby ORDERED that the Respondent's application for a waiver of inadmissibility pursuant to the provisions of Section 212(c) of the Immigration and Nationality Act be and the same is hereby denied.

It is further ORDERED that the Respondent be deported from the United States to Portugal on the charges contained in the order to show cause and additional charge of deportability.

Leonard I. Shapiro<br>
Immigration Judge

A 30 694 487    9    August 30, 1996

CERTIFICATE PAGE

I hereby certify that the attached proceeding before LEONARD I. SHAPIRO in the matter of:

VIDALIA MARIA RODRIGUES

A 30 694 487

Boston, MA

was held as herein appears, and that this is the original transcript thereof for the file of the Executive Office for Immigration Review.

_(signature)_
(MALISSA F. CHRISTIAN, Transcriber)

Deposition Services, Inc.
6245 Executive Boulevard
Rockville, Maryland 20852
(301) 881-3344


September 26, 1997