

U.S. Department of Justice

Executive Office for Immigration Review

Board of Immigration Appeals
Office of the Clerk

5201 Leesburg Pike, Suite 1300
Falls Church, Virginia 22041

| | |
|---|---|
| Savitz, Bennett<br>6 Beacon Street, Suite 625,<br>Boston, MA 02108-0000 | Office of the District Counsel/BO<br>P.O. Box 8728<br>Boston, MA 02114 |

Name: RODRIGUES, VIDALIA MARIA                    A30-694-487

Date of this notice: 10/28/2003

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Jeffrey Fratter
Chief Clerk

Enclosure

Panel Members:
    HOLMES, DAVID B.

U.S. Department of Justice

Executive Office for Immigration Review

Falls Church, Virginia 22041

Decision of the Board of Immigration Appeals

File: A30 694 487 - Boston

Date: OCT 28 2003

In re: VIDALIA MARIA RODRIGUES a.k.a. Vidalia Rodrigues

IN DEPORTATION PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT: Bennett R. Savitz, Esq.[1]

ON BEHALF OF DHS: John M. Furlong, Jr.
Assistant District Counsel

ORDER:

PER CURIAM. We vacate, on our motion our previous decision in this case entered on September 29, 2000. The appeals are dismissed. The Department of Homeland Security ("the DHS," formerly the Immigration and Naturalization Service) appealed the Immigration Judge's decision dated August 30, 1996, arguing that the respondent is ineligible for a waiver of inadmissibility under section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) and that her claim should be pretermitted. However, the United States Court of Appeals for the First Circuit determined that the restrictions on section 212(c) relief added by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, (AEDPA), do not apply retroactively in cases where the respondent was placed into proceedings prior to AEDPA's enactment. In this case, the respondent was placed into proceedings in October 1994, and thus is eligible for consideration of a 212(c) waiver. *See Goncalves v. Reno*, 144 F.3d 110 (1st Cir. 1998), *cert. denied*, 526 U.S. 1004 (1999). Therefore, the appeal by DHS is dismissed.

Although not reflected in our previous decision, the Immigration Judge did adjudicate the respondent's claim on the merits. Turning to the merits of the respondent's appeal, we have reviewed the record of proceeding, the Immigration Judge's decision dated August 30, 1996, and her contentions on appeal. The Immigration Judge's decision accurately sets forth the facts asserted by the respondent in support of her claims for relief from deportation and we are not persuaded that the Immigration Judge's decision was in error. In reaching this determination, we note as did the Immigration Judge, that the general standards developed in *Matter of Marin*, 16 I&N Dec. 581, 584-85 (BIA 1978), for the exercise of discretion under section 212(c) of the Act, are applicable in this case. In this regard, the Immigration Judge appropriately evaluated and weighed the social and humane considerations presented in her favor against those adverse to her claim. The favorable factors were noted to include the duration of her residence in this country, evidence of hardship to the respondent and her family, her employment history, property and business ties, service to the community as well as evidence attesting to the respondent's considerable efforts at rehabilitation.

---

[1] The respondent's counsel's request to withdraw is granted for all purposes except for receipt of this decision on the respondent's behalf.

A30 694 487

However, when weighed against the adverse factors evidencing her undesirability as a permanent resident, most significantly her extensive criminal record including conviction for controlled substance trafficking, the Immigration Judge found that the respondent did not merit a favorable exercise of discretion in this case. *See* I.J. at 6-9, *Matter of Marin, supra* at 586-587. Inasmuch as we are in agreement with the decision of the Immigration Judge, we affirm his decision based upon and for the reasons set forth therein. The respondent raises no arguments on appeal regarding this issue which were not addressed by the Immigration Judge or which would cause us to reverse the Immigration Judge's decision. Accordingly, the respondent's appeal is dismissed.

_____
FOR THE BOARD